# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTES EXPRESS LINES, INC., | 1:09-cv-0774 OWW GSA |
| Plaintiff, | SCHEDULING CONFERENCE ORDER |
| v. | Discovery Cut-Off: 3/26/10 |
| GORDON PUSLOW, | Non-Dispositive Motion Filing Deadline: 4/9/10 |
| Defendant. | Dispositive Motion Filing Deadline: 5/26/10 |
| | Settlement Conference Date: 8/4/10 10:00 Ctrm. 10 |
| | Pre-Trial Conference Date: 8/23/10 11:00 Ctrm. 3 |
| | Trial Date: 9/21/10 9:00 Ctrm. 3 (JT-7 days) |

I.  Date of Scheduling Conference.

   August 13, 2009.

II.  Appearances Of Counsel.

   Grover A. Perrigue III, Esq., appeared on behalf of Plaintiff.

   Christer P. Onneflod, Esq., appeared on behalf of Defendant.

III.  Summary of Pleadings.

   1.   Estes is a motor carrier with whom Defendant contracted

1

for a large number of shipments as more precisely described in the complaint. Estes transported and delivered all shipments without exception, delay or other issues. Estes invoiced its freight charges and Defendant has failed and refused to pay such charges despite repeated demand. Defendant was not the actual owner of the goods being transported, but rather, served as a broker or an intermediary for or on behalf of the actual owner of such goods.

    2.   Estes has alleged claims for breach of contract, quantum meruit, breach of constructive trust and unjust enrichment, based on Defendant's failure to pay the agreed upon freight charges. Each count is based upon the fact that Defendant requested services, agreed to pay for services, received services, and failed to pay for such services. The count for constructive trust additionally alleges that the Defendant, acting as a shipper's agent or intermediary, contracted with shippers to have their goods transported in exchange for a fee, there was a corresponding duty to pass the shippers' payments on to Estes to cover Estes' freight charges, and such was not done.

    3.   Defendant fully disputes the factual and legal contentions by Plaintiff in the filed complaint and has filed an answer thereto.

IV.   Orders Re Amendments To Pleadings.

    1.   The parties do not presently contemplate amending the pleadings.

V.   Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further

2

Proceedings.

    1. Estes Express Lines, Inc. is a corporation incorporated under the laws of the State of Virginia.

    2. Gordon Puslow is an individual and a resident of the Eastern District of California.

    3. There is a dispute over the contracting for shipping services from the Plaintiff.

    4. Although responsibility is in dispute, the case concerns a series of shipping services provided under bills of lading by Plaintiff.

B. Contested Facts.

    1. Estes transported certain shipments at the request of the Defendant.

    2. Defendant operated under the names County Motorsports and You Got it Powersports.

    3. Estes provided transportation services to the Defendant.

    4. Defendant has not paid Estes' freight charges.

    5. Estes is a motor carrier for hire.

    6. Defendant acted as a shipper's agent/freight forward/broker/intermediary on behalf of shippers in arranging for the transportation of goods on their behalf.

    7. Defendant never filed any written claims for damage or loss with Estes within nine months of delivery of any allegedly damaged or lost shipment.

    8. The applicability of Estes' tariff.

    9. The applicability of the discount forfeitures outlined in Estes' tariff.

      10. The applicability of the collection charges outlined in Estes' tariff.

      11. The amount of freight charges that Defendant has not paid.

## VI. Legal Issues.

  A. Uncontested.

    1. Jurisdiction exists under 28 U.S.C. § 1331 by virtue of diversity of citizenship and jurisdiction will be invoked under the Carmack Act.

    2. Venue is proper under 28 U.S.C. § 1391.

    3. In the event any reference to State law is necessary, the parties agree that the law of California will provide the rule of decision.

    4. A carrier's tariff may be incorporated into a bill of lading by reference.

    5. A carrier is not required to publish its tariff, but must provide a copy upon request of the shipper.

    6. A discount forfeiture is not a penalty or surcharge.

    7. Damage claims must be made in writing within 9 months of delivery of the shipment.

  B. Contested.

    1. Whether damage claims may be paid without the freight charges for that shipment being paid.

    2. Whether Gordon Puslow can be held personally liable for the accounts he allegedly opened with Estes and for which he used fictitious business names.

    3. Whether the funds allegedly collected by Puslow

from his clients were held in trust for Estes, to be used exclusively to pay Estes' freight charges.

VII. Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX. Discovery Plan and Cut-Off Date.

    1.    Plaintiff has made its initial disclosures.  Defendant will make his initial disclosures on or before August 27, 2009.

    2.    The parties are ordered to complete all discovery on or before March 26, 2010.

    3.    The parties are directed to disclose all expert witnesses, in writing, on or before January 15, 2010.  Any rebuttal or supplemental expert disclosures will be made on or before February 15, 2010.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the

5

testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    4.    The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions.

**X.    Pre-Trial Motion Schedule.**

    1.    All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before April 9, 2010, and heard on May 14, 2010, at 9:00 a.m. before Magistrate Judge Gary S. Austin in Courtroom 10.

    2.    In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d). However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.    All Dispositive Pre-Trial Motions are to be filed no later than May 26, 2010, and will be heard on July 6, 2010, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor. In scheduling such motions, counsel shall comply with Local Rule 230.

**XI.    Pre-Trial Conference Date.**

    1.    August 23, 2010, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.    The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Motions - Hard Copy.

    1.   The parties shall submit one (1) courtesy paper copy to the Court of any motions filed that exceed ten pages and any motions that have exhibits attached.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII.  Trial Date.

    1.   September 21, 2010, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   This is a jury trial.

    3.   Counsels' Estimate Of Trial Time:

        a.   5-7 days.

    4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

    1.   A Settlement Conference is scheduled for August 4, 2010, at 10:00 a.m. in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge.

    2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any

terms at the conference.

    3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences.  Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.   The Confidential Settlement Conference Statement shall include the following:

        a.   A brief statement of the facts of the case.

        b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims

8

are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

  c. A summary of the proceedings to date.

  d. An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

  e. The relief sought.

  f. The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

 1. None.

XVI. Related Matters Pending.

 1. There are no related matters.

XVII. Compliance With Federal Procedure.

 1. The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII. Effect Of This Order.

 1. The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at

any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **August 13, 2009**                    **/s/ Oliver W. Wanger**
                                                    UNITED STATES DISTRICT JUDGE